IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**JESUS ANTONIO MARTINEZ,**

        Petitioner,

vs.                                                                           No. CV 16-00083 WJ/KK


**ERASMO BRAVO, WARDEN,**

        Respondent.


<u>**MEMORANDUM OPINION AND ORDER OF DISMISSAL**</u>

      THIS MATTER is before the Court under rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts on Petitioner Jesus Antonio Martinez's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1).  Also before the Court are Petitioner's Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2), which is granted by the Court, and Petitioner's Motion to Appoint Counsel (Doc. 4), which is denied as moot.

      The Court has performed the preliminary review under rule 4 and, on the Petition and exhibits, has determined that Petitioner Jesus Antonio Martinez is not entitled to relief. Therefore, the Court will dismiss the Petition as required by rule 4 and 28 U.S.C. § 2254(d).

      *<u>The State Court Record</u>*

      The state court record, as contained in the Petition (Doc. 1) and its attachments (Doc. 1-1, 1-2, 1-3, and 1-4) demonstrates the following:

1

On January 26, 2006, Petitioner Jesus Antonio Martinez was indicted on charges of first degree murder and tampering with evidence in the Third Judicial District Court, County of Doña Ana, State of New Mexico, cause no. D-303-CR-2006-00102. (Doc. 1 at 2-3). Martinez's initial counsel filed a motion for a forensic evaluation to determine competency, which was granted by the state court on August 1, 2007. (Doc. 1-2 at 4-7). On October 15, 2007, proceeding pro se, Martinez sought to dismiss his counsel and requested appointment of new counsel. The court granted Martinez's motion and attorney Gary Mitchell was appointed as substitute counsel for Martinez on January 30, 2008. (Doc. 1-2 at 10). Mitchell made a strategic decision not to proceed with the competency evaluation. (Doc. 1-1 at 18).

On January 9, 2009, on the advice of counsel, Martinez entered into a plea agreement and pled no contest (*nolo contendere*) to charges of second degree murder and tampering with evidence. (Doc. 1-1 at 13, 18). Two months later, again proceeding pro se, Martinez filed a motion to discharge Gary Mitchell as his counsel and to withdraw his plea agreement. (Doc. 1-3 at 19-22). On March 2, 2009, the court gave notice that a sentencing hearing would be held March 27, 2009. The court also gave notice on March 9 that the motion to discharge counsel and withdraw plea would also be heard on March 27, 2009. (Doc. 1-1 at 15).

The court held a hearing on March 27, 2009. The court first heard the motion to discharge counsel and withdraw plea. The State court granted the motion to discharge Gary Mitchell as counsel, but denied the motion to withdraw the plea agreement. (Doc. 1-3 at 25-35). The Court then held the sentencing hearing at which Martinez and the family of the victim made statements. (Doc. 1-3 at 35-51). Prior to the hearing, attorney Mitchell had also delivered a 40 page document to the court containing numerous letters of recommendation and support for

Martinez. (Doc. 1-4 at 3). The Court sentenced Martinez to 26 years of imprisonment and 2 years of parole. The Court entered final judgment on April 17, 2009. (Doc. 1 at 1).

Martinez appealed to the New Mexico Court of Appeals on April 24, 2009. Martinez also sought and had appellate counsel appointed to represent him. The Court of Appeals docketed the appeal as case no. 29,497. On appeal, Martinez raised three issues: (1) the district court's denial of his motion to withdraw the plea agreement; (2) ineffective assistance of counsel on the part of attorney Gary Mitchell; and (3) insufficient notice of the sentencing hearing, which prevented him for presenting mitigating evidence. (Doc. 1-1 at 13-14). In its Memorandum Opinion of November 25, 2009, the Court of Appeals analyzed all three issues and affirmed the state district court in all respects. The Court of Appeals concluded that the record established Martinez was fully advised of the ramifications of the plea agreement and the district court did not abuse its discretion in refusing to allow Martinez to withdraw his plea, that counsel is presumed to have acted competently unless the defendant establishes otherwise, and that sufficient notice was given of the sentencing hearing. (Doc. 1-1 at 13-16).

Martinez then filed a pro se Petition for Writ of Habeas Corpus in the Third Judicial District Court on May 28, 2010. (Doc. 1 at 21). Martinez again sought appointment of counsel to represent him in the habeas corpus proceeding and the court granted the motion and appointed counsel. Martinez was also granted time to file an amended Habeas Corpus Petition. (Doc. 1 at 4-5, 21-23). In his state habeas corpus proceeding, Martinez raised the same issues he had raised in his direct appeal. (Doc. 1-1 at 1-12). The State of New Mexico responded to the Petition, arguing that there was a lack of evidence that his plea agreement was not knowing and voluntary; instead, Martinez's own pre-plea statements actually condemned him. The State also contended that the record demonstrated competent representation by counsel. (Doc. 1-4 at 1-6).

Following delays while counsel argued the propriety of retrospective competency evaluation, on April 14, 2014, the state district court held an evidentiary hearing on the Petition for Writ of Habeas Corpus. (Doc. 1-1 at 18; Doc. 1 at 21-23). The court considered the evidence, including testimony of witnesses and a December 2011 competency evaluation by a forensic psychologist, Susan Cave, in which Dr. Cave concluded Martinez had not been competent to enter into the plea agreement in 2009. (Doc. 1-1 at 18-19; Doc. 1-4 at 8-16). The district court denied the Petition for Writ of Habeas Corpus by Order dated May 15, 2014 and Amended Order dated June 19, 2014. In denying the Petition, the court rejected Dr. Cave's evaluation because she had only interviewed Martinez and had not interviewed attorney Mitchell. The court also found Mitchell was not ineffective and Martinez knew and understood the charges against him and was able to provide helpful input to counsel and assist in his defense. (Doc. 1-2 at 1; Doc. 1-1 at 18-19).

The New Mexico Supreme Court granted certiorari on October 10, 2014 to review the district court's denial of the Petition for Writ of Habeas Corpus and docketed the case as Supreme Court No. 34,728. In his Petition to the New Mexico Supreme Court, Martinez raised the same issues that he now asserts as error in his § 2254 Petition. (Doc. 1 at 41-42, Doc. 1-1 at 1-2). After full briefing and oral argument, on January 15, 2016, the New Mexico Supreme Court quashed its Writ of Certiorari as having been improvidently granted. (Doc. 1-2 at 2-3).

Based on the state court record, Martinez filed his Petition under § 2254 within one year after the New Mexico Supreme Court quashed certiorari and, therefore, his § 2254 Petition is timely under 28 U.S.C. § 2244(d). This Court also finds that the issues he raises were presented to the New Mexico Supreme Court and he has exhausted the remedies available to him in the New Mexico Supreme Court.  28 U.S.C. § 2254(b)(1)(A).

### *Standards for Habeas Corpus Petitions Under 28 U.S.C. § 2254*

The proceedings in this case are governed by the provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (the "AEDPA").  A petition under § 2254 attacks state custody of a petitioner on the grounds that custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Where the habeas petition raises claims that were adjudicated on the merits by the state courts, this federal court cannot grant habeas corpus relief unless the petitioner's state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d).

Under the AEDPA, a federal court must be highly deferential to the state court's resolution of the petitioner's claims.  *Black v. Workman,* 682 F.3d 880, 891 (10th Cir. 2012).  The federal court owes deference to the state court result even if the state court resolves the claim in a summary fashion with little or no reasoning.  *Paine v. Massie,* 339 F.3d 1194, 1198 (10th Cir. 2003).  The standard is a difficult one for a petitioner to overcome because it demands that state court decisions be given the benefit of the doubt.  *Cullen v. Pinholster,* 563 U.S. 170, 181-82 (2011).

As used in § 2254, the term "clearly established Federal law" refers to the holdings of the United States Supreme Court as of the time of the relevant state court decision.  *Williams v. Taylor,* 529 U.S. 362, 412 (2000).  A state court decision is contrary to Supreme Court precedent if it applies a rule that contradicts the governing law set forth in those cases.  *Id.* At 405.  The

Supreme Court has interpreted the term "contrary to" as meaning "diametrically different" and "opposite in character and nature." *Id.* Therefore, habeas corpus relief under § 2254 is to be granted only where the state court applies a rule that contradicts the governing law set out in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that precedent. *Price v. Vincent,* 538 U.S. 634, 640 (2003). It is unnecessary for the state court to actually cite applicable Supreme Court cases or even be aware of those cases, so long as neither the reasoning nor the result of the state court decision contradicts that precedent. *Early v. Packer,* 537 U.S. 3, 8 (2002).

A state court decision makes an unreasonable application of Supreme Court precedent if it identifies the correct governing legal principle, but unreasonably applies that principle to the facts of the petitioner's case. *Williams,* 529 U.S. at 413. The application of federal law must be objectively unreasonable. *Lockyer v. Andrade,* 538 U.S. 63, 75-76 (2003). State court findings of fact are presumed to be correct. 28 U.S.C. § 2254(e)(1). A petitioner's challenge to a state court decision based on an unreasonable determination of the facts in light of the evidence presented must show by clear and convincing evidence that the determination was factually erroneous. *Miller-el v. Dretke,* 545 U.S. 231, 240 (2005). The question is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold. *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007).

Where the state courts adjudicated a claim on the merits, federal courts are limited to reviewing the record as it stood before the state courts. *Pinholster* 563 U.S. at 181-82. Evidentiary hearings are not permitted in federal court on claims that the state courts decided on the merits. *Littlejohn v. Trammell,* 704 F.3d 817, 857 (10th Cir. 2013). For purposes of § 2254,

adjudication on the merits means a decision finally resolving the petitioner's claims based on the substance of the claim advanced, rather than on a procedural, or other ground. *Sellan v. Kuhlman,* 261 F.3d 303, 311 (2nd Cir. 2001).

In this case, the state courts decided Martinez's claims on the merits rather than on procedural or other grounds. Therefore, the Court will not conduct an evidentiary hearing and will decide Martinez's habeas corpus claims on the state court record as contained in the Petition and the exhibits to the Petition.

### *Analysis of Petitioner's Claims*

#### *I. Denial of Motion to Withdraw Plea*

In his § 2254 Petition, Martinez raises three issues related to the State District Court's denial of his motion to withdraw his *nolo contendere* plea:

"Ground I: Trial Court (Judge) and Counsel denied motion without a hearing which Motion raised the questions of defendants mental competency." (Doc. 1 at 5);

"Ground Two: The district attorney consulted and aided the prosecution by sending the defendants Brother (Brother was a witness for the state on the case) to propose a plea and to enforce or compel the defendant in signing the plea agreement." (Doc. 1 at 15).

"Ground Four: Did Petitioner's entry of a "no contest" plea, despite an outstanding order to determine Petitioners competency, result in fundamental error, cumulative errors, and constitutional violations." (Doc. 1 at 26).

In effect, Martinez contends that he should have been allowed to withdraw his plea because there had been no determination of competency and he was compelled to enter into the *nolo contendere* plea by the District Attorney and his Brother.

Pleas must be knowing, voluntary, and intelligent to be constitutional valid. *See, e.g., Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005). Due process requires that, for a plea to be valid, it must be entered by a defendant who is competent to enter the plea. A defendant is competent to stand trial or to enter a plea if he "has 'sufficient present ability to consult with his lawyer with

7

a reasonable degree of rational understanding,' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran,* 509 U.S. 389, 396, (1993) (quoting *Dusky v. United States,* 362 U.S. 402, 402 (1960) (per curiam)).

There is no federal constitutional right to a competency evaluation by a mental health expert. *See, Liles v. Saffle,* 945 F.2d 333, 336 (10th Cir. 1991). Nor does a criminal defendant have a right to withdraw a guilty or *nolo contendere* plea. Instead, a defendant has the burden of establishing a fair and just reason to be allowed to withdraw his plea. *United States v. Gordon,* 4 F.3d 1567, 1572 (10th Cir. 1993). Under both New Mexico and federal law, the decision to permit or deny withdrawal of a plea rests in the sound discretion of the judge. *United States v. Hickok,* 907 F.2d 983, 986 (10th Cir. 1990); *State v. Hunter,* 2006-NMSC-043, ¶¶ 11-12,140 N.M. 406, 143 P.3d 168.

The state court record clearly establishes that in his Motion to Dismiss Counsel and Withdraw Plea Agreement raised the issue of mental competency and the lack of an evaluation. (Doc. 1-3 at 21-22). The District Court held a hearing on his Motion and allowed Martinez to address the Court. Martinez expressly called the Court's attention to the fact that a psychological evaluation had been ordered but was never done. (Doc. 1-3 at 26-27; Doc. 1 at 7). Martinez also raised his Brother's alleged involvement with the District Attorney's office in the signing of the plea agreement. (Doc. 1-3 at 4-5). The Judge stated that his denial of the Motion was based on his careful review of the Motion and the file and that he was satisfied the plea was knowingly and voluntarily done. (Doc. 1-3 at 35).

During Martinez's state habeas corpus proceedings, the state district court held an evidentiary hearing. The court received evidence on the competency issue and the plea agreement, including the retrospective competency evaluation by Dr. Cave and the testimony of

attorney Gary Mitchell. Attorney Mitchell testified that he did not feel at any time that Martinez was incompetent, and that Martinez knew and understood the charges against him and was able to provide helpful input to his counsel and assist in his own defense. (Doc. 1-1 at 18-19). The court found no error in denial of the motion to withdraw the plea based on ineffective assistance of counsel and also found that Martinez had adduced no evidence of any conspiracy involving the District Attorney's office to convince him to enter into the plea agreement. (Doc. 1-1 at 18-19).

A state court's conclusion regarding a defendant's competence and whether the plea was made knowingly and voluntarily are factual findings. *See Demosthenes v. Baal,* 495 U.S. 731, 735 (1990); *Maggio v. Fulford,* 462 U.S. 111, 117 (1983). They are presumed correct on habeas review unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Nor is there anything in the record suggesting that the findings are, in any way, incorrect. 28 U.S.C. § 2254(e)(1). While the record reflects that Martinez may suffer from some mental problems (Doc. 1-2 at 19-40; Doc. 1-3 at 1-17), not every manifestation of mental illness demonstrates incompetency. *Burket v. Angelone,* 208 F.3d 172, 192 (4th Cir.2000). The record does not disclose any clear and convincing evidence that the state court's decision to deny Martinez's Motion to withdraw his *nolo contendere* plea was based on an unreasonable determination of the facts in light of the evidence presented. *Miller-el v. Dretke,* 545 U.S. at 240.

Further the state record does not reflect that the proceedings relating to his motion to withdraw the plea resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. There is nothing showing that the state court applied a rule that contradicts the governing law set out in Supreme Court cases or arrived at a result inconsistent with Supreme

Court precedent. *Price,* 538 U.S. at 640. Neither the reasoning nor the result of the state court decision contradicts that precedent. *Early,* 537 U.S. at 8.

The record fails to establish that Martinez's conviction was the result of a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or of a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). The record demonstrates that the state court's actions comported with due process requirements and Ground I, Two, and Four do not afford any basis for federal habeas corpus relief. Martinez is not entitled to relief under § 2254 based on the New Mexico court's denial of his motion to withdraw the *nolo contendere* plea.

## II. *Error in the State Habeas Corpus Proceeding*

Martinez raises two points of error relating to his state habeas corpus proceeding:

"Ground Three: Habeas Court abused its discretion by failing to adhere to the stipulated retrospective psychiatric evaluation when the results were in favor of Petitioner." (Doc. 1 at 20);

"Ground Five: Habeas Court abused its discretion by failing to afford a full and fair evidentiary hearing." (Doc. 1 at 30).

Martinez's claims of error based on the state habeas corpus proceeding fail for two reasons. First, the state court record does not support any error by the judge in the habeas corpus proceeding. There is nothing in the record that required the judge to accept the retrospective expert psychiatric evaluation, nor does the law require a judge to do so. A judge may, consistent with due process, accept or reject the opinions of experts. *See United States v. Mackovich,* 209 F.3d 1227, 1232 (10th Cir. 2000); *Wood v. Citizens Standard Life Insurance Company*, 1971-NMSC-011, ¶¶ 7-9, 82 N.M. 271, 273, 480 P.2d 161, 163. Further, the record clearly shows that the judge did hold an evidentiary hearing on the state habeas petition, Martinez was represented

by counsel during that proceeding, and there is nothing beyond Martinez's conclusory statements to indicate the hearing did not comport with due process. (Doc. 1 at 21-23; Doc. 1-1 at 19).

Second, regardless of whether there were any deficiencies in his state habeas corpus proceeding, error in that proceeding is not cognizable in a § 2254 case. Martinez challenges the propriety of a state post-conviction proceeding, not the constitutionality of his conviction. Where the claimed error focuses on the state's post-conviction remedy and not the judgment which provides the basis for incarceration, it fails to state a habeas corpus claim under § 2254. *Lopez v. Trani,* 628 F.3d 1228, 1229 (10th Cir. 2010). *Sellers v. Ward,* 135 F.3d 1333, 1339 (10th Cir. 1998). Grounds Three and Five do not afford any basis for § 2254 relief in this case.

### III. *Ineffective Assistance of Counsel*

Last, Martinez claims that attorney Mitchell's representation was ineffective, in violation of his Sixth Amendment rights. (Doc. 1 at 4, 9-10).[1] Martinez specifically claims:

"Ground Six: Petitioner's trial counsel ineffective for failing to request a continuance of the sentencing hearing." (Doc. 1 at 33);

"Ground 7: Trial Counsel rendered ineffective assistance of counsel by failing to raise incompetent to stand trial claim on direct appeal." (Doc. 1 at 36).

In order to establish a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish deficient performance, the challenger must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the

---

[1] Martinez also appears to argue ineffective assistance of habeas appellate counsel. (Doc. 1 at 41-42). There is no evidence in the record supporting his argument. Moreover, as previously stated, deficiencies in the habeas proceedings are not cognizable in a § 2254 case attacking his sentence. *Lopez v. Trani,* 628 F.3d at 1229.

result of the proceeding would have been different. *Id.* at 694. The likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter,* 562 U.S. 86, 112 (2011).

Where the petitioner entered a plea of guilty or no contest, the petitioner must establish that he would not have pled guilty had his attorney performed in a constitutionally adequate manner. *Miller v. Champion,* 262 F.3d 1066, 1072 (10th Cir. 2001). If a plea was intelligently and voluntarily entered on advice of counsel and that advice was within constitutional standards, the plea is deemed valid and there is no basis for federal habeas corpus relief. *Akridge v. Hopper,* 545 F.2d 457-58 (5th Cir. 1977). If there is sufficient evidence that counsel was not ineffective in allowing the petitioner to enter into a plea, the petitioner is not entitled to habeas corpus relief. *Allen v. Mullin,* 368 F.3d 1220, 1246 (10th Cir. 2004).

Martinez's primary claim against attorney Mitchell is that Mitchell should not have advised him to enter into the no-contest plea prior to having a competency evaluation. At the hearing on the motion to withdraw the plea agreement, attorney Mitchell advised the court that he had 32 years of experience doing over 200 murder cases, that he had a full time investigator and access to a number of psychologists that he counsels with and did counsel with in Martinez's case, and that he had the communications that a competent attorney would have with Martinez over a long period of time. (Doc. 1-3 at 30-33).

On direct appeal, the New Mexico Court of Appeals concluded that the record of the plea agreement showed Martinez was fully advised of the ramifications and consequences of entering into the plea agreement and there was no evidence that the plea was involuntary. The court also noted that Martinez could pursue his ineffective assistance of counsel through habeas corpus proceedings. (Doc. 1-1 at 14-15).

In his state habeas corpus proceeding, Martinez was given two years to develop any evidence establishing his claim of ineffective assistance of counsel. On the evidence presented at the evidentiary hearing, the district court found:

> "Petitioner's prior counsel Gary Mitchell did NOT provide him with ineffective assistance of counsel, NOR did fundamental error occur, when Mr. Mitchell made a legitimate strategic decision not to pursue his predecessor counsel's motion and order regarding competency, given that Mr. Mitchell did not feel that Petitioner was at any time incompetent and that the Petitioner knew and understood the charges against him and was able to provide helpful input to his counsel and assist in his own defense . . ."

(Doc. 1-1 at 18-19). Following briefing, argument, and review of the record, the New Mexico Supreme Court declined to change the district court's decision.

The New Mexico state court's findings are presumed to be correct. 28 U.S.C. § 2254(e)(1). Petitioner Martinez has come forward with nothing that shows, by clear and convincing evidence, that the determination of the state court was factually erroneous or that the result would have been different. *Miller-el v. Dretke,* 545 U.S. at 240. Martinez's § 2254 Petition and the state record fail to establish that ineffective assistance of counsel resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d).

Nor is there anything in the rulings of the New Mexico District Court, Court of Appeals, or Supreme Court to indicate any decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Even though the state courts did not cite U.S. Supreme Court precedent, Martinez has raised nothing that indicates or establishes the state courts decided any issue in a manner that is inconsistent with or contrary to clearly established Federal law. *Williams v. Taylor,* 529 U.S. at

405. Martinez is not entitled to habeas relief on his claims Six and Seven for ineffective assistance of counsel.

### *Conclusion*

This Court is required to give deference to the proceedings of the New Mexico state courts. *Black v. Workman,* 682 F.3d at 891. Petitioner Martinez has presented nothing that would permit this Court to depart from that deferential standard. Martinez has not established that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). On the state court record, as contained in the Petition and the exhibits to the Petition, Martinez is not entitled to federal habeas corpus relief. Therefore, under rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2254(d), Martinez's Petition for Writ of Habeas Corpus must be dismissed.

The Court also determines, under rule 11(a) of the Rules Governing Section 2254 Cases, that Martinez has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

IT IS ORDERED:

(1) Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED;

(2) Petitioner's Motion to Appoint Counsel (Doc. 4) is DENIED as moot;

(3) Petitioner Jesus Antonio Martinez's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DISMISSED with prejudice; and

(4) a certificate of appealability is DENIED.

                                                                                                  UNITED STATES DISTRICT JUDGE